UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT - 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARK A. WARD )
170 SUMMIT STREET, #21 )
RURAL HALL, NC 27045 )
(336) 969-4139

   Plaintiff,

v.

SECRETARY OF LABOR,

(**Serve Upon:** Secretary of Labor
      U.S. Department of Labor )
      200 Constitution Ave.,N.W. )
      Washington, D.C. 20210) )

   Defendant.

CASE NUMBER  1:05CV01955

JUDGE: James Robertson

DECK TYPE: Pro se General Civil

DATE STAMP: 10/04/2005

*Petition for Mandamus*

**COMPLAINT**

NATURE OF CASE

1. THIS ACTION ARISES UNDER TITLE I OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) 29 U.S.C. § 1132 TO COMPEL THE SECRETARY OF LABOR ("the SECRETARY") TO TAKE ACTION REQUIRED UNDER THIS TITLE.

JURISDICTION

2. THIS COURT HAS JURISDICTION UNDER ERISA § 502(e)(2), 29 U.S.C. § 1132(e).

PARTIES

3. PLAINTIFF, MARK A. WARD IS A PARTICIPANT IN THE LIN TELEVISION CORPORATION RETIREMENT PLAN ("the PLAN") WITHIN THE MEANING OF § 3(7) OF THE ACT (29 U.S.C. § 1002(7)). THE PLAN ADMINISTRATOR OF THE PLAN IS PETER E. MALONEY ("MALONEY").

RECEIVED
SEP - 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

4. PLAINTIFF BRINGS THIS ACTION ON BEHALF OF <u>ALL PLAN PARTICIPANTS</u> OF THE LIN TELEVISION CORPORATION RETIREMENT PLAN.

5. DEFENDANT SECRETARY OF LABOR IS THE FEDERAL AGENCY CHARGED BY CONGRESS WITH THE PRIMARY ENFORCEMENT AUTHORITY FOR THE FIDUCIARY RESPONSIBILITY PROVISIONS OF TITLE I OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA).

## GOVERNING LAW

6. 29 U.S.C. § 1104(a)(1) REQUIRES, IN PART, THAT:

  a. A FIDUCIARY SHALL DISCHARGE HIS DUTIES WITH RESPECT TO A PLAN SOLELY IN THE INTEREST OF THE PARTICIPANTS AND BEBEFICIARIES.

  b. WHEN A PLAN ADMINISTRATOR AFFIRMATIVELY MISREPRESENTS THE TERMS OF THE PLAN OR FAILS TO PROVIDE INFORMATION WHEN IT KNOWS THAT ITS FAILURE TO DO SO MIGHT CAUSE HARM, THE PLAN ADMINISTRATOR HAS <u>BREACHED ITS FIDUCIARY DUTY</u> TO PLAN PARTICIPANTS.

7. UNDER TITLE I OF ERISA, THE SECRETARY HAS THE AUTHORITY TO ENFORCE COMPLIANCE WITH THE FIDUCIARY DUTIES IMPOSED UPON PLAN ADMINISTRATORS OF ERISA PLANS TO PROTECT THE INTEGRITY OF THE PLAN, WHICH IN TURN PROTECTS <u>ALL BENEFICIARIES</u>, AND THE SECRETARY HAS THE AUTHORITY TO OBTAIN APPROPRIATE EQUITABLE RELIEF AND TO REDRESS ANY VIOLATIONS. DEFENDANT HAS FAILED TO COMPLY WITH THE STATUTORY REQUIREMENTS.

8.   DEFENDANTS' CONDUCT HAS HARMED, CONTINUES TO HARM, AND THREATENS TO HARM PLAINTIFF AND OTHER PLAN PARTICIPANTS AND BENEFICIARIES.

9.   FOR EXAMPLE:

   a.  IN AN EFFORT TO DEPRIVE PLAINTIFF OF HIS EARNED BENEFITS, IN OR ABOUT NOVEMBER, 2003, MALONEY SUBMITTED TO A FEDERAL COURT, A VISUALLY FLAWED, NON-UNIFORM RIGHT MARGINED "PERIODIC PAYMENT DIRECTION FORM" CONTAINING A FICTITIOUS FIRST PAYMENT DATE. IN A LETTER DATED DECEMBER 4, 2003, PLAINTIFF COMPLAINED TO DEFENDANT SECRETARY ABOUT MALONEY'S FRAUDULENT CONDUCT. AS A RESULT OF MALONEY'S FRAUDULENT CONDUCT, PLAINTIFF WAS DEPRIVED OF HIS EARNED BENEFITS. DEFENDANT SECRETARY FAILED TO ADDRESS MALONEY'S CONDUCT AND MALONEY'S FRAUDULENT CONDUCT CONTINUES.

   b.  MALONEY ADMITTED (IN WRITING) THAT HE HAS REPEATEDLY FAILED TO ADHERE TO THE PLAN BY IMPOSING ON <u>ALL PLAN PARTICIPANTS</u>, A REQUIREMENT THAT IS EXTRINSIC TO THE PLAN. DEFENDANT SECRETARY HAS BEEN INFORMED OF MALONEY'S CONDUCT AND INDICATED TO PLAINTIFF THAT THE SECRETARY WOULD ADDRESS MALONEY'S CONDUCT, BUT TO DATE, DEFENDANT HAS FAILED TO ADDRESS MALONEY'S CONDUCT.

   c.  IN OR ABOUT FEBRUARY, 2004, IN A SWORN DECLARATION BY MALONEY, MALONEY INTENTIONALLY INTERPRETED THE LIN TELEVISION CORPORATION RETIREMENT PLAN'S 1989 PLAN DOCUMENT IN A MANNER THAT WAS CONTRARY TO THE PLAIN LANGUAGE OF THE PLAN, RENDERING AN ARBITRARY AND CAPRICIOUS INTERPRETATION.

DEFENDANT SECRETARY HAS FULL KNOWLEDGE OF MALONEY'S INTERPRETATION AND DEFENDANT'S RESPONSE WAS, "WE BELIEVE MALONEY INTERPRETED THE PLAN WRONG, BUT THE SECRETARY WILL NOT GET INVOLVED." MALONEY'S ARBITRARY AND CAPRICIOUS INTERPRETATION AFFECTS <u>ALL</u> OF THE <u>PLAN'S PARTICIPANTS</u> AND DEFENDANT SECRETARY'S FAILURE TO ADDRESS MALONEY'S CONDUCT IS IN VIOLATION OF STATUTORY REQUIREMENTS.

    d.   ON OR ABOUT MARCH 24, 2005, **EXHIBIT A**, MALONEY SUBMITTED A BOGUS JANUARY 1, 2002 RESTATEMENT OF THE LIN TELEVISION CORPORATION RETIREMENT PLAN TO PLAINTIFF AND THE U.S. DEPARTMENT OF LABOR. IN A LETTER DATED MAY 13, 2005, PLAINTIFFF INFORMED DEFENDANT SECRETARY OF MALONEY'S FRAUDULENT CONDUCT IN WHICH PLAINTIFF'S LETTER INCLUDED CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FACT THAT MALONEY'S SUBMISSION WAS FALSE. DEFENDANT HAS FAILED TO ADDRESS MALONEY'S CONDUCT AND MALONEY'S FRAUDULENT CONDUCT CONTINUES.

    e.   SEVERAL MONTHS AFTER MALONEY'S MARCH 24, 2005 FALSE SUBMISSION TO THE U.S. DEPARTMENT OF LABOR, A U.S. DEPARTMENT OF LABOR INVESTIGATOR INQUIRED TO MALONEY REGARDING A LIN TELEVISION CORPORATION RETIREMENT PLAN PLAN DOCUMENT AND MALONEY RESPONDED FALSELY. MALONEY ALSO SUBMITTED A FALSE DOCUMENT TO THE FEDERAL INVESTIGATOR AFTER THE INVESTIGATOR REQUESTED EVIDENCE TO SUPPORT INFORMATION MALONEY COMMUNICATED TO THE INVESTIGATOR. DEFENDANT SECRETARY HAS FAILED TO ADDRESS MALONEY'S FRAUDULENT CONDUCT.

10. WITHOUT THE INJUNCTIVE RELIEF REQUESTED HERE, PLAINTIFF AND OTHER PLAN PARTICIPANTS WILL SUFFER IRREPARABLE HARM.

## CLAIM FOR RELIEF

11. PLAINTIFF REASSERTS AND INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN PARAGRAPHS 1-10 ABOVE, AS THOUGH FULLY SET FORTH.

12. DEFENDANTS' CONDUCT, FAILING TO ENFORCE COMPLIANCE WITH THE FIDUCIARY RESPONSIBILITIES OF PLAN ADMINISTRATOR PETER E. MALONEY VIOLATES TITLE I OF ERISA.

## PRAYER

PLAINTIFF REQUESTS AN ORDER:

1. DIRECTING DEFENDANTS IMMEDIATELY TO ADHERE TO CONGRESSIONAL COMMAND AND COMPLY WITH STATUTORY REQUIREMENTS TO INCLUDE REMOVAL OF MALONEY AS FIDUCIARY OF THE LIN TELEVISION CORPORATION RETIREMENT PLAN AS A RESULT OF MALONEY'S REPEATED AND SUBSTANTIAL VIOLATIONS OF HIS RESPONSIBILITY, REMEDIAL RELIEF, AND RESTITUTION TO THE PLAN FOR LOSSES RESULTING FROM MALONEY'S BREACH OF HIS FIDUCIARY OBLIGATION TO PLAN BENEFICIARIES.

2. GRANTING PLAINTIFF ITS ATTORNEY'S FEES AND COSTS REASONABLY ACCRUED; AND

3. GRANTING PLAINTIFF ALL OTHER RELIEF THAT IS JUST AND PROPER.

DATED: September 2, 2005.

_Mark A. Ward_, pro se
Mark A. Ward
170 Summit Street, #21
Rural Hall, NC 27045
Ph. & Fax (336) 969-4139



SINCE 1895

WILCOX & SAVAGE

ATTORNEYS AT LAW

William M. Furr
757-628-5651
wfurr@wilsav.com

93250.056

March 24, 2005

**Via Certified Mail, Return Receipt Requested**

Mark A. Ward
170 Summitt Street, #21
Rural Hall, North Carolina 27045

    Re:    Mark A. Ward v. Peter A. Maloney

Dear Mr. Ward:

    At the request of Shawn Fitzmaurice of the U.S. Department of Labor, I am sending you a copy of the January 1, 2002 Restatement of LIN Television Corporation's Retirement Plan which includes a copy of the signature page. On January 20, 2005 I sent you an unsigned copy of this document.

    I am also enclosing additional documents reflecting amendments made after January 1, 2002. When I received these amendments, I noticed that the signature page was unsigned. Accordingly, I asked the Plan Administrator to sign the Amendment and he has done so. Please feel free to call me if you have any questions regarding this matter.

                      Sincerely,

                      William M. Furr

WMF:cw
enclosure

cc:    Shawn Fitzmaurice
       Tony Feato

EXHIBIT A

I-638380.1
03/24/2005

Reply to Norfolk Office



FILED
OCT - 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1955

ONE COMMERCIAL PLACE   SUITE 1800   NORFOLK, VIRGINIA 23510   757.628.5500   FACSIMILE 757.628.5566
222 CENTRAL PARK AVENUE   SUITE 1500   VIRGINIA BEACH, VIRGINIA 23462   757.628.5600   FACSIMILE 757.628.5659

WWW.WILLCOXANDSAVAGE.COM