UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK A. WARD,               :
                            :
        Petitioner,         :
                            :
v.                          :       Civil Action No.  05-1955 (JR)
                            :
SECRETARY OF LABOR,         :
                            :
        Respondent.         :

## MEMORANDUM OPINION

This matter is before the Court on consideration of petitioner's petition for a writ of mandamus.  The petition will be denied and the action dismissed under 28 U.S.C. §1915(e)(2)(B)(I) (authorizing dismissal at any time of a frivolous action brought by a party proceeding *in forma pauperis*).

Plaintiff, a former employee of the LIN Television Corporation, alleges that he is a participant in the corporation's retirement plan, which is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), *see* 29 U.S.C. § 1001 *et seq.*  Compl. ¶¶ 1-3.  He alleges that the Plan Administrator has violated his fiduciary duties, and that the Secretary of Labor fails to take affirmative steps to address these violations.  *Id.* ¶¶ 5, 8-10.  Defendant's failure to act, plaintiff asserts, violates ERISA.  *Id.* ¶12.  In this action, he demands an order "directing defendant[s] immediately to adhere to congressional command and comply with statutory requirements to include removal of [Plan Administrator] Maloney as fiduciary . . . as a result of Maloney's repeated and substantial violations of his responsibility, remedial relief, and

restitution to the plan for losses resulting from Maloney's breach of his fiduciary obligation to plan beneficiaries." *Id.* at 5.

Mandamus is a drastic remedy to be invoked only in extraordinary situations. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (1988). It is granted only when essential to the interests of justice. *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974). Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir.1983) (en banc); *Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997). The party seeking mandamus has the "burden of showing that its right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Plaintiff fails to meet his burden.

Plaintiff establishes neither a clear right to relief nor defendant's clear duty to act. The allegations set forth in the complaint are so vague that the Court cannot determine the statutory basis of plaintiff's entitlement to the Secretary of Labor's direct intervention. Although the ERISA authorizes the Secretary of Labor to take enforcement action, *see, e.g.*, 29 U.S.C. § 1132, it does not mandate such action. Furthermore, there are adequate remedies at law for alleged violations of the ERISA by a Plan Administrator. Plaintiff is capable of seeking such relief, having sued the Plan Administrator under the ERISA on more than one occasion.[1] *See, e.g.*,

---

[1] Plaintiff also has shown himself capable of seeking relief against the Plan Administrator in more than one forum. He initially challenged a decision to deny him disability benefits in a state court; that action was removed to the United States District Court for the

*Ward v. Maloney*, 386 F.Supp.2d 607 (M.D.N.C. 2005) (concluding that court could not hold plan administrator liable under ERISA for failing to produce a summary of material plan modifications on plaintiff's request when the relevant modification was not material); *Ward v. Maloney*, No. 03cv1170, 2005 WL 1167230 (M.D.N.C. May 17, 2005) (concluding that doctrine of *res judicata* barred plaintiff's claim that plan administrator breached fiduciary duties), *aff'd*, No. 05-1669, 2005 WL 3478006 (4th Cir. Dec. 20, 2005) (per curiam); *Ward v. Maloney*, No. 02cv00467, 2004 WL 1345089 (M.D.N.C. June 14, 2004) (finding no abuse of discretion by plan administrator in denying plaintiff's application for disability benefits), *aff'd*, 112 Fed. Appx. 312 (4th Cir. 2004) (per curiam).

The complaint is frivolous as it is based solely on a meritless legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Accordingly the Court will dismiss this action as frivolous. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

JAMES ROBERTSON
United States District Judge

---

Middle District of North Carolina. *See Ward v. Maloney*, No. 03cv1170, 2005 WL 1167230 at *1 (M.D.N.C. May 17, 2005). While that action was pending, he filed another based on the same facts in the United States District Court for the District of Rhode Island. *See id.* With this background, having plaintiff file this action, albeit against a different defendant based on a different legal theory, suggests forum shopping. One might wonder whether the "other relief" plaintiff demands might include an award of disability benefits.